# UNITED STATES DISTRICT COURT
for the
### Western District of Kentucky
### Owensboro Division

| | |
|---|---|
| Margarita Sinani<br>    *Plaintiff*<br><br>v.<br><br>LVNV Funding, LLC<br>    *Defendant*<br>Serve:<br>    Corporation Service Company<br>    2711 Centerville Road<br>    Suite 400<br>    Wilmington, DE 19808<br><br>Convergent Outsourcing, Inc.<br>    *Defendant*<br>Serve:<br>    C T Corporation System<br>    306 W Main Street<br>    Suite 512<br>    Frankfort, KY 40601 | Case No. 4:14-CV-64-M |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1.  This is an action by a consumer seeking damages for Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices. Defendant LVNV Funding, LLC ("LVNV") is in the business of purchasing charged-off debts, including credit-card debt. LVNV typically purchases these debts for somewhere between 4% and 5% of the face value of the debt. LVNV purchased a credit-card debt owed by Plaintiff Margarita Sinani originated by First Premier Bank.

2.  Defendant Convergent Outsourcing, Inc. ("Convergent") attempted to collect the First Premier debt from Ms. Sinani on behalf of LVNV. According to a dunning letter sent by Convergent, the principal amount of the First Premier debt is $429.83 and is subject to accrued interest of 8% in the amount of $323.78. Neither Convergent nor LVNV has any legal right to accrue, assess, and attempt to collect prejudgment interest of 8% per annum from Ms. Sinani prior to entry of judgment in LVNV's favor. Consequently, LVNV violated the FDCPA by attempting to collect from Ms. Sinani interest that was neither authorized by agreement not permitted by law.

## JURISDICTION

3.   This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

4.   Plaintiff Margarita Sinani is a citizen of the United States of America and of the Commonwealth of Kentucky residing in Henderson County, Kentucky.

5.   Defendant LVNV Funding, LLC is a foreign limited liability company, which is not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts from citizens of this commonwealth. LVNV's principal place of business is Bank of America Building, 200 Meeting Street, Suite #206, Charleston, SC 29401-3187. LVNV frequently purchases charged off credit-card debt, paying 4% to 5% of the face value of the debt at the date of sale.[1]

6.   LVNV Funding, LLC is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

7.   Defendant Convergent Outsourcing, Inc. ("Convergent") is a foreign corporation, which is registered with the Kentucky Secretary of State. Convergent's principal place of business is located at 800 SW 39th Street, Renton, WA 98055.

8.   Convergent regularly collects or attempt to collects debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

## BACKGROUND

9.   Ms. Sinani is and was at all times mentioned herein a "consumer" as defined by 15 U.S.C. § 1692a(3).

10.   On January 1, 2014, Convergent sent Ms. Sinani a dunning letter on behalf of LVNV.

11.   Convergent's dunning letter was attempt to collect a charged-off credit card originated by First Premier Bank.

12.   According to Convergent's letter, $439.83 was the principal amount of the debt and that the debt was subject to $323.78 in accrued prejudgment interest at the rate of 8% per annum.

13.   8% per annum corresponds to Kentucky's legal rate of prejudgment interest under KRS 360.010.

---

[1] Fair Trade Commission, *The Structure and Practices of the Debt Buying Industry* at 22, http://www.ftc.gov/os/2013/01/debtbuyingreport.pdf (January 2013).

14. Prejudgment interest at the legal rate is not a self-help remedy.

15. Under Kentucky law, the right to prejudgment interest at the legal rate begins to run from the date of demand.

16. Upon information and belief, Convergent and LVNV began accruing prejudgment interest at the legal rate long before LVNV had a legal right to accrue, assess, and collect prejudgment interest at the legal rate.

17. Upon information and belief, Convergent and LVNV's claim against Ms. Sinani is barred by the applicable statute of limitations.

18. Upon information and belief, Convergent and LVNV accrued and assessed prejudgment interest on a debt that neither Convergent nor LVNV will ever bring suit to collect.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

19. Plaintiff incorporates paragraphs 1-18 above as if fully set forth herein.

20. The above-described actions by Convergent and LVNV constitute violations of the Fair Debt Collection Practices Act.

21. Defendants Convergent Outsourcing, Inc. and LVNV Funding, LLC's violations of the FDCPA include, but are not limited to, the following:

   **(a)** Convergent and LVNV violated 15 U.S.C. § 1692f(1) by, including but not limited to, attempting to collect prejudgment interest on a debt that is neither authorized by agreement nor permitted by law by attempting to collect prejudgment interest at 8% per annum on the First Premier debt that neither had a legal right to accrue, assess, or collect from Ms. Sinani;

   **(b)** Convergent and LVNV violated 15 U.S.C. §§ 1692e(2)(A) and 1692e(1) by falsely representing the character, amount, and/or legal status of the First Premier debt in Convergent's January 1, 2014 dunning letter by, including but not limited to, falsely representing Ms. Sinani owed LVNV prejudgment interest at 8% per annum on the First Premier debt without the benefit of a judgment awarding it prejudgment interest at the legal rate and begin to accrue and assess prejudgment interest before demanding payment and/or giving Ms. Sinani notice of its purchase of the First Premier debt; and

   **(c)** Convergent and LVNV violated 15 U.S.C. § 1692e(5) by taking an "action that cannot legally be taken" by, including but not limited to, attempting to collect prejudgment interest at 8% interest per annum on the First Premier debt that neither Convergent nor LVNV had any legal right to accrue, assess, or collect from Ms. Sinani,

thereby threatening to take an action to collect a debt that they had no legal right to take.

WHEREFORE, Plaintiff requests that the Court grant the following relief in her favor and against Defendants Convergent Outsourcing Inc. and LVNV Funding, LLC:

1. The maximum amount of statutory damages as provided by 15 U.S.C. §1692k;

2. Attorney's fees, litigation expenses and costs;

3. A trial by jury; and

4. Such other and further relief as is appropriate.

Respectfully submitted,

/s/ James H. Lawson
James H. Lawson
*Lawson at Law, PLLC*
4055 Shelbyville Road
Suite B
Louisville, KY 40207
Tel:  (502) 473-6525
Fax:  (502) 473-6561
james@kyclc.com